

FILED

Feb 02 2024, 8:46 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Theodore E. Rokita
Attorney General of Indiana

Benjamin M. L. Jones
Section Chief, Civil Appeals
Evan M. Comer
Deputy Attorney General
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

James H. Voyles, Jr.
Tyler D. Helmond
Voyles Vaiana Lukemeyer Baldwin
& Webb
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In re the Petition for
Expungement of R.L.:

Indiana Law Enforcement
Training Board,

*Appellant-Respondent,*

     v.

R.L.,

*Appellee-Petitioner.*

February 2, 2024

Court of Appeals Case No.
23A-XP-144

Appeal from the
Martin Circuit Court

The Honorable
Lynne E. Ellis, Judge

Trial Court Cause No.
51C01-2207-XP-140

**Opinion by Judge Foley**
Chief Judge Altice and Judge May concur.

**Foley, Judge.**

R.L., a police officer ("the Officer"), was arrested in July 2021 and charged with a criminal offense. The events associated with this arrest led the Indiana Law Enforcement Training Board ("the Board") to initiate disciplinary proceedings against the Officer. The criminal case was eventually dismissed, and the Officer successfully petitioned to expunge all records of this arrest. In the same cause, he later obtained a declaratory judgment that "Indiana Code [Section] 35-38-9-10 prohibits the Board from using any and all facts from [the] expunged arrest case as a basis to revoke or deny to him his license to act as a law enforcement officer." Appellant's App. Vol. 2 p. 75. The Board now appeals. Although the Board presents several issues, we identify the following restated issue as dispositive: Whether the trial court correctly interpreted Indiana Code Section 35-38-9-10 (the "anti-discrimination statute") to apply to the Board in light of the exception to the anti-discrimination statute for public bodies engaged in professional licensing set forth in Indiana Code Section 35-38-9-0.6 (the "licensing statute").

Applying our reasoning in *Whaley v. Med. Licensing Bd. of Ind.*, 184 N.E.3d 721 (Ind. Ct. App. 2022), *trans. denied.*, we conclude that the scope of the trial court's declaratory judgment exceeds the applicability of the anti-discrimination statute on the proceedings before the Board. Although the Board may not consider the expunged records in its proceedings, it may consider independent evidence that the Officer engaged in the actions that gave rise to the arrest. We therefore reverse the declaratory judgment entered in favor of the Officer.

## Facts and Procedural History

[3] The Officer was arrested on July 5, 2021. In April 2022, the Board sent a letter to the Officer stating that it "learned of an event that may lead to the revocation of [his] Indiana Law Enforcement Basic Training Certification and authority to act as a law enforcement officer." Appellant's App. Vol. 2 p. 16. The Board alleged that, on July 5, 2021, the Officer "engaged in conduct that meets the elements of Criminal Confinement, . . . a Level 6 felony, and Operating a Vehicle with an ACE of .08 or more, . . . a Class C Misdemeanor." *Id.*

[4] In July 2022, the Officer petitioned to expunge all records associated with his July 5, 2021 arrest. The Officer asserted that, in connection with the arrest, he had been "charged with [Operating a Vehicle with an Alcohol] Concentration Equivalent to at [l]east .08 but [l]ess than .15, in the Martin Circuit Court," and this "sole count was dismissed on November 3, 2021." *Id.* at 7.

[5] On July 6, 2022, the trial court expunged the records. The Officer then sent a letter to the Board asserting that (1) "[t]he allegations in the Board's charges all stem from [the] arrest on July 5, 2021"; (2) "[a]ll facts from the Board's charges are contained in the probable cause affidavit filed in the resulting criminal case"; (3) the records of that arrest were now expunged; and (4) the anti-discrimination statute "prohibits the Board from using this arrest as a basis to deny [the Officer] his license." *Id.* at 21–22. The Officer asserted that the Board's "failure to immediately dismiss the[] [disciplinary] charges subjects it to contempt proceedings" under the anti-discrimination statute. *Id.* at 22.

[6]     When the Board did not dismiss its action, the Officer filed a motion in the expungement cause requesting "a declaratory judgment concerning the expungement of his arrest record." *Id.* at 11.  The Officer apprised the trial court of the Board's disciplinary allegations, which he alleged "stem[med] from the facts from [his] expunged July 5, 2021 arrest." *Id.*  He claimed that the Board "ha[d] a statutory obligation to dismiss the charges" against him.  *Id.*  The Officer's theory was that the anti-discrimination statute prohibits discrimination "on the basis of an expunged arrest," *id.* at 12, and Indiana law ultimately "prohibits the [A]gency from using this arrest *and the facts that gave rise to the arrest* as a basis to deny [the Officer] his license," *id.* at 14 (emphasis added).  The Officer contended that he had apprised the Board of its obligation to "immediately dismiss the charges brought against [him]."  *Id.*  He claimed the Board had "refused, suggesting it ha[d] no such obligation."  *Id.* at 11.  The Officer requested "a declaratory judgment confirming that the Board may not use this case to revoke his license to be a law enforcement officer."  *Id.*  He also sought a declaration that the anti-discrimination statute "prohibits the Board from revoking or refusing to renew his license on the basis of this expunged arrest, and it must dismiss its charges against his license."  *Id.* at 14.

[7]     On August 22, 2022, the trial court entered a declaratory judgment in favor of the Officer.  When the trial court issued this judgment, the Board was not a party to the cause.  The Board later intervened and argued it was entitled to an opportunity to be heard.  The Board also argued that the trial court erred in entering the judgment because, under *Whaley*, the anti-discrimination statute

does not apply, and the Board was free to conduct disciplinary proceedings regarding the events on July 5, 2021, without relying on the expunged records. The Board ultimately claimed the judgment was "contrary to law." *Id.* at 34.

[8] The trial court vacated the declaratory judgment. After a hearing, the trial court again granted the requested declaratory judgment in favor of the Officer. In its written judgment, the trial court determined that the anti-discrimination statute "prohibits the Board from using any and all facts from [the] expunged arrest case as a basis to revoke or deny to [the Officer] his license to act as a law enforcement officer." *Id.* at 75. The Board appeals the declaratory judgment.

## Discussion and Decision

[9] In entering the declaratory judgment in favor of the Officer, the trial court determined that the anti-discrimination statute broadly prohibited the Board from using "any and all facts from [the] expunged arrest case as a basis to revoke or deny to [the Officer] his license to act as a law enforcement officer." *Id.* The interpretation of a statute presents a pure question of law that we review de novo. *See, e.g.*, *Ingram v. City of Indianapolis*, 759 N.E.2d 1144, 1146 (Ind. Ct. App. 2001) (reviewing a declaratory judgment de novo), *trans. denied*.

[10] Our legislature adopted the anti-discrimination statute in 2013 as part of its comprehensive reform of Indiana expungement law. *See* P.L. 159-2013, § 4. Our legislature later refined the statutory scheme, *see, e.g.*, P.L. 181-2014, and eventually adopted the licensing statute in 2019, *see* P.L. 219-2019, § 6. Whereas the anti-discrimination statute broadly prohibits anyone from using an

expunged record to discriminate against a person, *see* Ind. Code § 35-38-9-10, the licensing statute creates an exception for public licensing bodies like the Board, *see* I.C. § 35-38-9-0.6. Indeed, the anti-discrimination statute provides in pertinent part that "[i]t is unlawful discrimination for any person to . . . refuse to grant or renew a license, permit, or certificate necessary to engage in any activity, occupation, or profession . . . because of a conviction or arrest record expunged or sealed under this chapter." I.C. § 35-38-9-10(b). Yet, the licensing statute—contained in the same chapter as the anti-discrimination statute— provides that "[t]his chapter does not require any change or alteration in . . . [a] disciplinary record or proceeding as it relates to a licensing, certification, or public entity." I.C. § 35-38-9-0.6. To the extent these statutes could be read to conflict with one another, we addressed and resolved that conflict in *Whaley*.

[11] In *Whaley*, a physician was subjected to restrictions on her medical license due to a conviction that was later expunged. The physician argued that, under the anti-discrimination statute, "maintaining the restrictions on her medical license would constitute unlawful discrimination because her conviction had been expunged." *Whaley*, 184 N.E.3d at 724. The Medical Licensing Board of Indiana disagreed, arguing that the licensing statute controlled such that it could maintain the restrictions. *See id.* We resolved the case by determining that the statutes were not ambiguous and that there was no conflict between the anti-discrimination statute and the licensing statute. *See id.* at 724–25. We ultimately concluded that the licensing authority could maintain restrictions on the professional license without running afoul of the anti-discrimination statute.

*See id.* at 725.  We noted: "Because expungements are a creature of statute, the legislature retains authority to expand or limit that remedy as it sees fit, including to limit the reach of the anti-discrimination statute through the licensing statute."  *Id.*

[12]     In resolving *Whaley*, we commented on the prospect of future disciplinary action, noting in a footnote that "the anti-discrimination statute still bars adverse professional licensing decisions based on a conviction which was expunged *before* discipline is imposed."  *Id.* at 725.  In doing so, however, we emphasized that, even after a record is expunged, a licensing authority is free to consider independent evidence of events underlying the record.  *See id.* n.2.[1]

[13]     Here, the trial court declared that the Board was prohibited "from using any and all facts from [the] expunged arrest case as a basis to revoke or deny to [the Officer] his license to act as a law enforcement officer."  Appellant's App. Vol. 2 p. 75.  The scope of the trial court's order exceeds the plain language of the anti-discrimination statute and is inconsistent with *Whaley*.  And although the Officer claims *Whaley* either does not apply or contains nonbinding dicta, we elect to adopt the well-reasoned comments from our colleagues.  We conclude

---

[1] For example, Indiana Code Section 5-2-1-12.5(a) contemplates disciplinary action if "the officer engaged in conduct that would be a criminal offense . . . *even if the officer was not charged with the criminal offense*." (emphasis added).  Thus, irrespective of whether the State brought criminal charges, or whether those records were ultimately expunged, the Board is free to present independent proof that the officer engaged in criminal conduct.  That is because "[t]he anti-discrimination statute only pertains to consideration of an expunged [record].  It [does] not pertain to consideration of the facts *underlying* the [record], nor to other issues which prompted disciplinary proceedings[.]"  *Whaley v. Med. Licensing Bd. of Ind.*, 184 N.E.3d 721 (Ind. Ct. App. 2022), *trans. denied*.

that, although the Board must not consider the expunged arrest records in its proceedings, the Board may consider independent evidence of the facts underlying those arrest records. Thus, because the declaratory judgment is contrary to law, we must reverse.

[14] Reversed.

Altice, C.J., and May, J., concur.